UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS FRANK PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1636SNL |
| ) | |
| WASHINGTON COUNTY CENTRAL ) | |
| DISPATCH 911, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

*Pro se* plaintiff has filed this age discrimination action alleging that he was passed over for a promotion, and ultimately terminated from his employment as an emergency response dispatcher, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S. C. §623 *et. seq.*[1] This matter is before the Court on the defendants' motion for summary judgment (#15), filed October 1, 2007. As of today's date, plaintiff has failed to file a responsive pleading. This cause of action is set for trial on the Court's trial docket of February 11, 2008.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia

---

[1] Although plaintiff filed a charge of age discrimination with both the EEOC and the Missouri Commission on Human Rights (MCHR), it appears that he is only pursuing his federal age discrimination claim.

Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). Although summary judgment should seldom be granted in employment discrimination cases, it is proper in those cases wherein the plaintiff fails to establish a factual dispute on an essential element of the case. Snow v. Ridgeview Medical Center, 128 F.3d. 1201, 1205 (8th Cir. 1997), *citing* Bialas v. Greyhound Lines, Inc., 59 F.3d. 759, 762 (8th Cir. 1995). "Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim." Whitley v. Peer Review Sys., Inc., 221 F.3d. 1053, 1055 (8th Cir. 2000)(citations omitted). The Eighth Circuit has "repeatedly cautioned that summary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d. 986, 990 (8th Cir. 1998)(citations omitted); *see*, Mayer v. Nextel West Corp., 318 F.3d. 803, 806 (8th Cir. 2003) *citing* Keathley v. Ameritech Corp., 187 F.3d. 915, 919 (8th Cir. 1999). However, it is clear that to survive summary judgment, a plaintiff must support his/her allegations with sufficient probative evidence to permit a finding in the plaintiff's favor

based upon more than mere speculation, conjecture, or fantasy.  <u>Putnam v. Unity Health Systems, Inc.</u>, 348 F.3d. 732, 733-34 (8th Cir. 2003) *quoting* <u>Wilson v. Int'l Bus. Mach. Corp.</u>, 62 F.3d. 237, 241 (8th Cir. 1995); <u>Girten v. McRentals, Inc.</u>, 337 F.3d. 979, 982 (8th Cir. 2003)(plaintiff's theory of age discrimination failed "[b]ecause this theory is supported more by contentions and speculation than evidence, it is insufficient to withstand summary judgment.").

Although the Court is required to view the facts in the light most favorable to the non-moving party, it should not accept "unreasonable inferences or sheer speculation as fact.". <u>Howard v. Columbia Public School District, et. al.</u>, 363 F.3d. 797, 800 (8th Cir. 2004).  A plaintiff may not "simply point to allegations made in [her] complaint but must identify and provide evidence of `specific facts creating a triable controversy."  <u>Howard</u>, at 800 *quoting* <u>Jaurequi v. Carter Manufacturing Co.</u>, 173 F.3d. 1076, 1085 (8th Cir. 1999).  Furthermore, a plaintiff may not simply provide a massive record expecting the Court to sift through it in an effort to find support for the plaintiff's allegations.  <u>Howard</u>, at 800-01 (citations omitted).  The Court is only obligated to consider "admissible evidence and disregard portions of various affidavits and depositions that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions in fact.".  <u>Howard</u>, at 801 *citing* <u>Shaver v. Independent Stave Co.</u>, 350 F.3d. 716, 723 (8th Cir. 2003).

In light of the plaintiff's failure to respond to the subject motion, the undisputed facts are as follows: Defendant Washington County Central Dispatch 911 (WCCD) is an emergency dispatching service that began operating in 2004.  Its primary business is to accept and dispatch emergency calls to the appropriate authorities in the Washington County area.  Defendant Jim Porter is the Director of WCCD.  He supervises the operations of the WCCD and is responsible for the discipline of employees and for making employment-related/operations-related recommendations to the WCCD Board of Directors.

Between 2003-2006, WCCD never had twenty (20) or more employees at one time. Members of the Board of Directors have never been employees.  Board members are elected and serve as uncompensated volunteers.  There is no written contracts or employment agreements

between any member of the Board of Directors and the WCCD. No member of the Board of Directors shares in any profits, losses, or liabilities of the WCCD.

Plaintiff was hired by WCCD in February 2004 and began working for WCCD in March 2004. At the time of his hiring, plaintiff was 42 years of age. Within five (5) months of his hiring, plaintiff was reprimanded twice. On July 1, 2004, plaintiff was informally reprimanded for disrupting a training session. Defendants' Exhibit B - Plaintiff's Deposition, pgs. 67-69; Defendants' Exhibit E. On July 8, 2004 Plaintiff was formally reprimanded for failure to follow the protocol of dispatch personnel. Plaintiff's Deposition, pg. 69; Defendants' Exhibit E.

In August 2004, plaintiff applied for an open lead dispatcher position. He was not awarded the position.[2] Upon inquiry to management as to why he was not awarded the position, Jeanette Allen of WCCD wrote plaintiff (in an e-mail):

> "I was somewhat surprised that you applied for the position in light of the fact that you had been verbally disciplined by Jim for failing to follow dispatch procedures just a short time prior to this position becoming available. I appreciate the fact that you have had several years of dispatch experience, however, in some cases that experience can be a hindrance instead of an asset. I have personally witnessed you failing to follow the alarm assignments and arguing that you know what is best for the situation at hand. What you fail to realize is that when you take it upon yourself to change dispatch procedures, you not only place the liability for that situation on yourself, but also on the entire dispatch center."

Defendants' Exhibit F.

On March 16, 2005 plaintiff was officially suspended for two (2) days without pay for accessing the Internet in violation of WCCD policy. The Disciplinary Form issued in connection with this reprimand, and signed by the plaintiff, reads as follows:

> "This disciplinary action is being imposed due to the employee's actions on February 28, 2005. The employee, after being advised not to access the internet both verbally and in writing on the dry erase board, accessed websites on the internet which allowed spyware to be downloaded into the computer system. The employee's actions are considered to be a very serious violation that compromised the operation of the 911 communications center in that is was necessary to have computer technicians rid the system of said spyware causing undue expense to the communications center . . . The employee shall consider this disciplinary procedure to be a suspension

---

[2]It is unclear from the pleadings as to who was awarded the position and the age of this person.

4

without pay and further violations of 911 policies and procedures may result \
in immediate dismissal . . ."

Defendants' Exhibit H.

Plaintiff was also reprimanded on March 16, 2005 for failure to complete assigned tasks sufficiently. A disciplinary form was issued in connection with this reprimand, and signed by the plaintiff. It reads in pertinent part as follows:

> ". . . being imposed for the purpose of advising the employee that his performance regarding the production of road signs has been unsatisfactory thus far. It is the opinion of this supervisor that the employee has not put forth a genuine effort regarding this assigned task. The employee is advised that if further training is necessary, this supervisor should be advised immediately, and if not, the employee is expected to fully complete the production of each road sign during the shift that the task is assigned, and if the task is not completed, the supervisor shall be advised as to the reasons why at the end of said shift."

Defendants' Exhibit I.

On January 12, 2006 plaintiff was suspended without pay pending further investigation when an individual died in a January 11, 2006 accident to which the plaintiff failed to follow protocol for dispatching fire and EMS personnel to the scene of an accident. Plaintiff's Deposition, pgs. 93-98; Defendants' Exhibit J. A suspension without pay, per WCCD policy, is defined as "given for very serious violations that compromise the operation of the communication center or for continue violations. Suspensions are considered a last resort and further violations my **[sic]** result in dismissal." Defendants' Exhibit K.

On January 19, 2006, the WCCD Board of Directors suspended plaintiff without pay for thirty (30) days beginning January 12, 2006 and placed him on probation for a period of one (1) year beginning on February 11, 2006. Defendants' Exhibits L and M. Plaintiff was specifically warned that "any violation of protocol or procedure will result in [his] termination without further notice or involvement of the Board." Defendants' Exhibit M.

On February 16, 2006, while on probation, plaintiff again violated WCCD dispatch protocol by failing to dispatch an ambulance to the scene of an accident with unknown injuries. As a result of this latest violation, plaintiff was terminated from his employment with WCCD. At the time of the termination of his employment, plaintiff was 44 years of age.

Defendants contend that plaintiff was not promoted to lead dispatcher, and ultimately fired from his job as a dispatcher, for substandard job performance. Plaintiff contends he was passed over for a promotion and ultimately fired due to his age.

The Court has reviewed the legal memorandum, affidavit(s) and exhibits submitted by the defendants in support of their motion for summary judgment. The defendants have met their initial burden to demonstrate that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, 368 U.S. 464, 467 (1962). Once the defendants have met their burden, the burden shifted to the plaintiff to "set forth affirmative evidence, specific facts, showing that there [was] a genuine dispute on [those] issue[s]." City of Mt. Pleasant v. Associated Electric Coop., 838 F.2d. 268, 274 (8th Cir. 1988). Since the plaintiff has failed to oppose the defendants' motion, the Court accepts the defendants' account of the facts and now will apply the relevant law.

Defendants contend that plaintiff's cause of action should be dismissed on several grounds, including but not limited to: 1) neither defendant falls within the purview of "employer" as that term is defined under the ADEA due to the fact that neither meets the ADEA "twenty-employee" requirement; 2) defendant Porter is not liable as a supervisor as a matter of law under the ADEA; 3) plaintiff cannot make out a *prima facie* case of age discrimination because he was failing to meet the requirements of his job at the time of his termination; and 4) even if plaintiff can make out a *prima facie* case of age discrimination, he cannot not meet his burden to show that the reasons given for his termination (multiple reprimands for policy and protocol violations and a probation violation) was a pretext for age discrimination.

After careful consideration of the matter, and review of the evidentiary record before this Court, the Court will grant the defendants' motion for summary judgment.

In order to impose liability upon a defendant employer, said defendant must meet the statutory definition of "employer"; as well as show an employee-employer relationship exists between the plaintiff and defendant(s). Palmer v. Arkansas Council on Economic Education, 154 F.3d. 892, 895 (8th Cir. 1998). An "employer" within the meaning of the ADEA is defined, in part, as having "twenty or more employees for each working day in each of twenty or more

6

calendar weeks in the current or preceding calendar year." 29 U.S.C. §630(b); <u>Hoekel v. Plumbing Planning Corp.</u>, 20 F.3d. 839, 840 (8th Cir. 1994).

The burden of proving subject matter jurisdiction lies with the plaintiff. <u>Hoekel</u>, at 840. Defendants have provided the Court with substantial evidence in support of their contention that at no time between 2003 and 2006 did defendant WCCD employ twenty or more persons. Since plaintiff has failed to provide any evidence on this point to the Court, he has failed to meet his burden of proof. Therefore, plaintiff's cause of action must be dismissed for lack of subject matter jurisdiction since plaintiff has failed to present any evidence satisfying the definition of "employer" as set forth in the ADEA.

Furthermore, although the Eighth Circuit has not precisely addressed the issue of individual liability under the ADEA, district courts within the circuit have consistently declined to hold individuals liable under the ADEA. *See*, <u>Kelleher v. Aerospace Comm. Credit Union</u>, 927 F.Supp. 361, 363 (E.D.Mo. 1996); <u>Smith v. Bankers Life and Casualty Co.</u>, 2007 WL 3228052 (S.D.Iowa 2007); <u>Feller v. McCarthy, et. al.</u>, 2007 WL 3204463 (D.Neb. 2007); <u>Weller v. Legal Aid of Western Missouri, et. al.</u>, 2005 WL 2090781 (W.D.Mo. 2005); <u>Taylor v. Wright</u>, 2005 WL 2033422 (E.D.Mo. 2005); <u>Beckler v. Schweigert Bros.</u>, 2004 WL 1240964 (E.D.Mo. 2004). This Court too finds that the ADEA does not provide for individual liability and that plaintiff's clam against defendant Porter must be dismissed for this reason also.

Finally, even in the absence of any affirmative evidence by the plaintiff in support of his claims, the Court is hard-pressed to find an age-related animus given WCCD's hiring of plaintiff at age 42 and firing him approximately two (2) years later at age 44. Such a short period of time between hiring and firing plaintiff strongly suggests that WCCD was not influenced by ageism when it terminated his employment. *See*, <u>Hennessey v. Good Earth Tools, Inc.</u>, 126 F.3d. 1107, 1109 (8th Cir. 1997); <u>Lowe v. J.B. Hunt Transp., Inc.</u>, 963 F.2d. 173, 175 (8th Cir. 1992)("It is simply incredible, in light of the weakness of plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later.").

In light of the Court's findings, the Court finds no need to address the remaining grounds for dismissal raised in the subject motion.

Since there is no material issue of fact in dispute as to the failure to promote plaintiff, and the ultimate termination of his employment, for poor job performance prior to and while on probation, the Court finds that, as a matter of law, defendants are entitled to summary judgment on plaintiff's ADEA claim.[3]

Dated this    30th    day of November, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]Although the Court does not believe that plaintiff is pursuing a MCHR claim, the Court will decline to exercise supplemental jurisdiction over any state claims that plaintiff may have been pursuing. 28 U.S.C. §1367(c)(3).